```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


GREGORY DWAYNE CASEY,              )
                                   )
              Plaintiff,           )
                                   )
        v.                         )    No. 4:08-CV-474-CDP
                                   )
MIL AUE, et. al,                   )
                                   )
              Defendants.          )
```

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Gregory Dwayne Casey for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary and injunctive relief in this action against defendants Judge Mil Aue and Robert Smith. Plaintiff alleges that Judge Aue "intentionally discriminated" against him and deprived him of a fair and impartial trial with regard to the litigation of a landlord-tenant action involving plaintiff and defendant Robert Smith, plaintiff's former landlord. Plaintiff claims that Judge Aue awarded Smith $830 "without the benefit of [plaintiff] having a jury trial."

To the extent that plaintiff is attempting to bring a 42 U.S.C. § 1983 action for the violation of his constitutional rights, the action must fail. To state a § 1983 claim, a plaintiff must establish that a person acting under color of state law committed actions which form the basis of the complaint. <u>See,</u>

e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). It does not appear that defendant Robert Smith is a state actor who committed actions which form the basis of the complaint. Moreover, Judge Mil Aue is immune from liability for damages under § 1983, because the alleged wrongdoings were performed within his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see also Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003)(judges are entitled to absolute immunity for all judicial actions not taken in a complete absence of jurisdiction).

Last, liberally construing the complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. The amount in controversy does not exceed $75,000, and diversity of citizenship is lacking. See 28 U.S.C. § 1332.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 16th day of May, 2008.

_____
**UNITED STATES DISTRICT JUDGE**